**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

RONALD EUGENE SAPP,

                Petitioner,

v.                                         Case No. 3:11-cv-1100-J-32JBT

SEC'Y, FLA. DEP'T OF
CORR., et al.,

                Respondents.

_____

## ORDER

### I. Status

      Petitioner, an inmate of the Florida penal system who is proceeding pro se, is proceeding in this action on an Amended Petition (Doc. #13) for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  Petitioner also filed a supporting Memorandum of Law (Doc. #14) (Petitioner's Memorandum).  Petitioner challenges his March 24, 2006 state court (St. Johns) conviction for sale of cocaine, for which he received a sentence of twenty years imprisonment, followed by ten years of probation.  Petitioner raises eight grounds for relief. Respondents have responded.  See Response to Petition (Doc. #19) (Response).[1] Petitioner has replied.  See Petitioner's Reply to Respondents' Response (Doc. #21) (Reply). Thus, this case is ripe for review.[2]

_____

[1] The Court hereinafter refers to the exhibits submitted in support of the Response (Doc. #11 and Doc. #20) as "Ex."

[2] Respondents fully set forth the procedural history; therefore, the Court will not repeat it.  See Response at 2-12.

## II.  Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted).  "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id.  The pertinent facts of this case are fully developed in the record before the Court.  Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

## III.  Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (hereinafter AEDPA), this Court's review "is 'greatly circumscribed and highly deferential to the state courts.'  Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)." Stewart v. Sec'y, Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007).

> Under AEDPA, when a state court has adjudicated the petitioner's claim on the merits,[3] a federal court may not grant habeas relief unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

---

[3] In Harrington v. Richter, 131 S.Ct. 770, 785 (2011), the United States Supreme Court held that § 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'"  The Court explained, "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."  Id. at 784-85.

States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. § 2254(d)(2).  A state court's factual findings are presumed correct unless rebutted by clear and convincing evidence.[4]  Id. § 2254(e)(1); Ferrell v. Hall, 640 F.3d 1199, 1223 (11th Cir. 2011).

AEDPA "imposes a highly deferential standard for evaluating state court rulings" and "demands that state-court decisions be given the benefit of the doubt."  Renico v. Lett, 559 U.S. 766, 130 S.Ct. 1855, 1862, 176 L.Ed.2d 678 (2010) (internal quotation marks omitted).    "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision."  Harrington v. Richter, ―― U.S. ――, ――, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011) (internal quotation marks omitted). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)).  The Supreme Court has repeatedly instructed lower federal courts that an unreasonable application of law requires more than mere error or even clear error.  See, e.g., Mitchell v. Esparza, 540 U.S. 12, 18, 124 S.Ct. 7, 157 L.Ed.2d 263 (2003); Lockyer, 538 U.S. at 75 ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."); Williams v. Taylor, 529 U.S. 362, 410, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) ("[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law.").

Bishop v. Warden, GDCP, 726 F.3d 1243, 1253-54 (11th Cir. 2013).

## IV. Ineffective Assistance of Counsel

Petitioner raises several ineffective assistance of counsel claims.  To prevail on these claims, Petitioner "must meet both the deficient performance and prejudice prongs of

---

[4] "This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

Strickland." Wong v. Belmontes, 558 U.S. 15, 16 (2009) (per curiam) (citing Strickland v.

Washington, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." 466 U.S. at 688, 104 S.Ct. 2052. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. Id., at 689, 104 S.Ct. 2052. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id., at 687, 104 S.Ct. 2052.
>
> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., at 694, 104 S.Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Id., at 693, 104 S.Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id., at 687, 104 S.Ct. 2052.

Harrington v. Richter, 131 S.Ct. 770, 787-88 (2011). Since both prongs of the two-part

Strickland test must be satisfied to show a Sixth Amendment violation, "a court need not

address the performance prong if the petitioner cannot meet the prejudice prong, and vice-

versa." Ward v. Hall, 592 F.3d 1144, 1163 (11th Cir. 2010) (citation omitted).

A state court's adjudication of an ineffectiveness claim is accorded great deference.

> The question "is not whether a federal court believes the state court's determination" under the Strickland standard "was incorrect but whether that determination was unreasonable - a substantially higher threshold." Schriro, supra, at 473, 127 S.Ct. 1933. And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably

4

> determine that a defendant has not satisfied that standard. <u>See</u> <u>Yarborough v. Alvarado</u>, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

<u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123 (2009).   Thus, the standards created by <u>Strickland</u> and § 2254(d) are both highly deferential, "and when the two apply in tandem, review is 'doubly' so[.]" <u>Harrington</u>, 131 S.Ct. at 788 (quoting <u>Knowles</u>, 556 U.S. at 123).

## V. Findings of Fact and Conclusions of Law

### A. Ground One

Petitioner contends that his conviction must be vacated because Fla. Stat. § 893.101 (eliminating knowledge of the illicit nature of a controlled substance as an element of a controlled substance offense and creating an affirmative defense based on lack of knowledge of the illicit nature of the substance) was found to be unconstitutional in <u>Shelton v. Sec'y, Dep't of Corr.</u>, 802 F.Supp.2d 1289 (M.D. Fla. 2011).   Amended Petition at 6; Petitioner's Memorandum at 6-9.   Respondents contend that this claim, which was not raised in the initial Petition, does not relate back to the timely filed Petition; therefore, it was not filed within the one-year limitation period that applies to an application for a writ of habeas corpus in federal court.   <u>See</u> 28 U.S.C. § 2244(d)(1); Response at 12-14.   This Court agrees.

In the alternative, Respondents assert, and Petitioner concedes, that this claim is not meritorious in light of the Eleventh Circuit's decision in <u>Shelton v. Sec'y, Dep't of Corr.</u>, 691 F.3d 1348 (11th Cir. 2012) (reversing the district court's decision that Florida's drug statute is unconstitutional for failing to provide a *mens rea* element, and holding that the district

court's failure to accord deference to the state court decision violated AEDPA).  <u>See</u>

Response at 23; Reply at 14.  Accordingly, Petitioner is not entitled to relief on this claim.

## B. Ground Two

Petitioner contends that counsel was ineffective for failing to convey a six-year plea

offer.  In support of this claim, Petitioner cites <u>Missouri v. Frye</u>, 132 S.Ct. 1399 (2012)

(holding that defense counsel has a duty to communicate formal offers from the prosecution

to accept a plea on terms and conditions that may be favorable to the accused, and that

counsel was deficient in failing to communicate to the defendant the prosecutor's written plea

offer before it expired), and <u>Lafler v. Cooper</u>, 132 S.Ct. 1376, 1385 (2012) (finding that a

petitioner "must show that but for the ineffective advice of counsel there is a reasonable

probability that the plea offer would have been presented to the court ( i.e., that the

defendant would have accepted the plea and the prosecution would not have withdrawn it

in light of intervening circumstances), that the court would have accepted its terms, and that

the conviction or sentence, or both, under the offer's terms would have been less severe

than under the judgment and sentence that in fact were imposed").  Amended Petition at 7;

Petitioner's Memorandum at 10-13.

Respondents contend, and this Court agrees, that this claim is untimely for the

reasons stated in the discussion of ground one.  In the alternative, Respondents assert this

claim is procedurally barred because Petitioner never raised it in state court.  Response at

14-20.  Again, this Court agrees.

A petition for writ of habeas corpus should not be entertained unless the petitioner has

first exhausted his state remedies.  <u>See</u>  <u>Castille v. Peoples</u>, 489 U.S. 346, 349, <u>reh'g</u>

denied, 490 U.S. 1076 (1989); Rose v. Lundy, 455 U.S. 509 (1982).  A procedural default

arises "when 'the petitioner fails to raise the [federal] claim in state court and it is clear from

state law that any future attempts at exhaustion would be futile.'"  Owen v. Sec'y, Dep't of

Corr., 568 F.3d 894, 908 n.9 (11th Cir. 2009) (quoting Zeigler v. Crosby, 345 F.3d 1300,

1304 (11th Cir. 2003)).

Petitioner admits that he never raised this claim in state court.  Amended Petition at

8.  It would be futile to dismiss this case to give Petitioner an opportunity to exhaust this

claim because any motion for post-conviction relief that Petitioner filed in state court pursuant

to Fla. R. Crim. P. 3850 (3.850 motion) at this time would be subject to dismissal as untimely

and successive.  Thus, this claim has been procedurally defaulted.

"The doctrine barring procedurally defaulted claims from being heard is not without

exceptions.  A prisoner may obtain federal review of a defaulted claim by showing cause for

the default and prejudice from a violation of federal law."  Martinez v. Ryan, 132 S.Ct. 1309,

1316 (2012) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)).

> For purposes of the "cause and prejudice" method of overcoming a procedural bar, a petitioner shows sufficient cause if he can demonstrate "that some 'objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" Siebert,[5] 455 F.3d at 1272 (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)).  External impediments sufficient to constitute cause "include evidence that could not reasonably have been discovered in time to comply with the rule; interference by state officials that made compliance impossible; and ineffective

---

[5] Siebert v. Allen, 455 F.3d 1269 (11th Cir. 2006).

assistance of counsel at a stage where the petitioner had a right
to counsel."  Mize,[6] 532 F.3d at 1190.

Owen, 568 F.3d at 908.   Once cause has been established, a petitioner must also

demonstrate prejudice.  With respect to the prejudice requirement, a petitioner must show

"that there is at least a reasonable probability that the result of the proceeding would have

been different had the constitutional violation not occurred."  Id.

A petitioner may also obtain review of the merits of a procedurally barred claim if he

satisfies the actual innocence "gateway" established in Schlup v. Delo, 513 U.S. 298 (1995).

The Schlup gateway is meant to prevent a constitutional error at trial from causing a

miscarriage of justice and "'the conviction of one who is actually innocent of the crime.'"

Kuenzel v. Comm'r, Ala. Dep't of Corr., 690 F.3d 1311, 1314 (11th Cir. 2012) (per curiam)

(quoting Schlup, 513 U.S. at 324) .

Here, Petitioner claims he did not discover the basis for this claim until he learned

about the plea offer for the first time at the March 17, 2010 evidentiary hearing on his 3.850

motion.  The record reflects that, at the evidentiary hearing, Petitioner's trial attorney (Lori

Barger, Esquire) testified that she "begged Mr. Sapp to take the five-year plea offer[7] he was

offered."  Ex. 7 at 41.  She also testified that, if the Petitioner had informed her of an alibi

defense, she "would have jumped on it because [they] needed desperately some form of

defense when he decided to go to trial."  Id. at 51.

---

[6] Mize v. Hall, 532 F.3d 1184 (11th Cir. 2008).

[7] Although Petitioner states that there was a six-year plea offer, the only evidence of a
proposed plea agreement is Ms. Barger's testimony regarding a five-year plea offer.

Petitioner, citing <u>Martinez</u>, makes a conclusory allegation that he has shown cause for any procedural default or time-bar because post-conviction counsel was ineffective. Reply at 16-17.  However, he does not allege that he informed post-conviction counsel of trial counsel's failure to convey the five-year plea offer after Petitioner heard her testify about it at the March 17, 2010 evidentiary hearing.  Post-conviction counsel cannot be ineffective for failing to raise a claim if he was not aware it existed.[8]  Even assuming Petitioner informed post-conviction counsel of the failure to convey the plea offer, post-conviction counsel cannot be deemed to be ineffective for failing to raise a claim based upon the Supreme Court's subsequent decisions over two years later in <u>Lafler</u> and <u>Frye</u>.  Moreover, post-conviction counsel could have reasonably concluded that Petitioner would not have prevailed on this claim if it had been raised, given Ms. Barger's testimony that she begged him to accept the plea offer, but he decided to proceed to trial.

In sum, Petitioner has not shown both cause excusing the default and actual prejudice resulting from the bar.  Furthermore, he has not shown that he is entitled to the fundamental miscarriage of justice exception.  Thus, the Court will not address the merits of Petitioner's procedurally barred claim in ground two.

### C.  Ground Three

Petitioner contends that the trial court erred by failing to grant his motion for a judgment of acquittal with respect to count two of the information at the close of the state's

---

[8] The Court notes that the transcript of the evidentiary hearing does not reflect that Petitioner informed the post-conviction court of Ms. Barger's alleged failure to convey the plea offer.

case.  The following facts are pertinent in assessing this claim.  Petitioner was charged by Information with sale of cocaine (count one) and introduction of contraband into a penal institution (count two).  Ex. 1 at 16.  Petitioner proceeded to trial on both counts, and at the conclusion of the state's case, moved for a judgment of acquittal.  Ex. 3 at 181-83.  The trial court denied the motion with respect to count one and reserved ruling on motion with respect to count two.  Id. at 183, 186.  Defense counsel renewed the motion for judgment of acquittal after the defense rested, and the court said that she could renew the motion after the jury reached a verdict on both counts.  Id. at 236.  On March 22, 2006, the jury found Petitioner guilty as charged of both counts.  Ex. 1 at 72.  Two days later, the trial court granted Petitioner's motion for judgment of acquittal with respect to count two.  Id. at 90-92.  Petitioner contends that the trial court erred in failing to grant the motion prior to sending the case to the jury because there was insufficient evidence presented to support the charge.  He alleges this error deprived him of his rights under the Sixth and Fourteenth Amendments to the United States Constitution.  Amended Petition at 9; Petitioner's Memorandum at 14-15.[9]

Petitioner raised this claim of trial court error as his first issue on direct appeal; however, he did not raise this claim as a federal constitutional issue.  See Ex. 5 at 10-11.  Nevertheless, this Court will not impose any procedural bar sua sponte since Respondents do not argue that the federal issue raised in ground three is procedurally barred.

---

[9] Respondents do not address this exact claim, and instead assert that Petitioner has no cognizable claim because the trial court did, in fact, grant his motion for judgment of acquittal.  See Response at 23.

In any event, Petitioner is not entitled to relief on this claim.  The Fifth District Court of Appeal court affirmed Petitioner's judgment of conviction on direct appeal, without issuing a written opinion.  Ex. 5 at 40.  Thus, there is a qualifying decision under AEDPA from the state appellate court.  Next, this Court must consider the "contrary to" and "unreasonable application" components of the statute.   "It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide."  Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001).  Upon thorough review of the record and the applicable law, this Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.[10]  Accordingly, Petitioner is not entitled to relief on this claim.

## D. Ground Four

Petitioner contends that the trial court's initial failure to grant his motion for a judgment of acquittal with respect to count two of the Information was fundamental error because the jury was permitted to deliberate on an unsubstantiated charge.  Petitioner argues that, if the trial court had granted the motion judgment of acquittal with respect to count two prior to sending the case to the jury, Petitioner would have been found not guilty of count one.  Amended Petition at 10; Petitioner's Memorandum at 16-17.  Respondents contend this claim is procedurally barred.  See Response at 14-20, 23.  This Court agrees.    Petitioner

---

[10] Any error in failing to initially grant the motion for judgment of acquittal was harmless given that the trial court thereafter granted the motion.

raised this claim as issue two on direct appeal.  <u>See</u> Ex. 5 at 11-13.  As noted by the state in its reply brief, this claim was not preserved for appellate review  because it was never raised below in the trial court.  <u>Id</u>. at 30-31.  As stated in the discussion of ground three, the Fifth District Court of Appeal court affirmed Petitioner's judgment of conviction on direct appeal, without issuing a written opinion.  Therefore, it is not clear whether the Fifth District Court of Appeal affirmed on the basis that the claim had no merit or whether the appellate court found the claim to be procedurally barred.

The Eleventh Circuit Court of Appeals has found that federal courts should not presume a state court would ignore its own procedural rules in summarily denying relief.

> We have held that, where the existence of a procedural bar is clear and no state court has given any rationale for its summary disposition of the defendant's claim, we will not presume that "had the [state court] explained its reasoning, it would have reached the merits of [the defendant's] claim." <u>Kight v. Singletary</u>, 50 F.3d 1539, 1545 (11th Cir. 1995); <u>Tower</u>,[11] 7 F.3d at 211. . . .

<u>Creed v. Dep't of Corr</u>., 330 F. App'x 771, 772 (2009) (per curiam).  Indeed, the Eleventh Circuit has stated, "'we may not assume that had the state court issued an opinion, it would have ignored its own procedural rules and reached the merits of this case. In fact, the most reasonable assumption is that had the state court ruled, it would have enforced the procedural bar.'"  <u>Id</u>. (quoting <u>Tower</u>, 7 F.3d at 211).  Thus, this Court presumes that the Fifth District Court of Appeal enforced the procedural bar and did not reach the merits of this claim.  Accordingly, Petitioner has procedurally defaulted this claim.  Petitioner has not

---

[11] <u>Tower v. Phillips</u>, 7 F.3d 206 (11th Cir. 1993).

12

shown both cause excusing the default and actual prejudice resulting from the bar. Furthermore, he has not shown that he is entitled to the fundamental miscarriage of justice exception.  Accordingly, the Court need not address the merits of Petitioner's procedurally barred claim in ground four.

Even assuming the Fifth District Court of Appeal reached the merits of this claim, its adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.[12]  Accordingly, Petitioner is not entitled to relief on this claim.

### E. Grounds Five Through Seven

In grounds five through seven, Petitioner contends that he received ineffective assistance of counsel for counsel's failure to: (1) request that counts one and two be severed for trial; (2) obtain and introduce a voice exemplar; and (3) interview and call key witnesses for the defense.  Amended Petition at 11(a); Petitioner's Memorandum at 18-24.  Petitioner raised these ineffectiveness claims in his 3.850 motion, and after holding an evidentiary hearing, the post-conviction court adjudicated the claims as follows:

> A claim of ineffective assistance of counsel requires a defendant to satisfy the factors of the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). The first prong of the Strickland test requires the defendant [to] identify specific acts or omissions by counsel that are shown to be outside the broad range of reasonable assistance, as exemplified by prevailing professional standards.  Id.  The

---

[12] As argued by the state in its answer brief, see Ex. 5 at 30-34, even if the trial court did err, such an error did not render Petitioner's trial unfair.

second prong of the Strickland test requires the defendant [to] show prejudice, i.e., that a reasonable probability exists that had it not been for the counsel's error, the result in the case would have been different.  Id. at 694.

In ground one of his Motion for Postconviction Relief, the Defendant alleges his trial counsel was ineffective for failing to interview and call two exculpatory witnesses, Sabrina and Priscilla Kyall, whose testimony would have cast doubt on the State's case.   The Defendant contends "that there is a reasonable probability that had Counsel interviewed both witnesses and presented their testimony before the Jury, it would have been received and the results of the proceedings would have been different."  In his Amended Postconviction Motion and Reply, the Defendant states "his two Defense witnesses would have testified that the Defendant was not the person who sold Ms. Hogg any crack cocaine on the night of August 5, 2005, from the motel room.  And that the Defendant left the motel room at about 8:30 P.M. even before the alleged drug transaction was even conducted and purchased by Ms. Hogg."

Priscilla Kyall testified at the evidentiary hearing on March 17, 2010.  Sabrina Kyall did not testify.  At the hearing, Priscilla Kyall testified that on the day of her arrest she was in the Defendant's motel room when a girl, whom she did not know, came to see the Defendant.  Ms. Kyall stated that the unknown girl went to the bathroom with the Defendant to talk.  While the two were in the bathroom, an acquaintance of Ms. Kyall's, who was in the room with her, told her that he suspected the unknown girl was wearing a wire.  After a short time, the Defendant and the girl exited the bathroom and the girl left the room.  The record indicates that the unknown girl was Tabitha Nicole Hogg, a confidential informant.  Ms. Hogg is the individual who, at trial, was found to have purchased crack cocaine from the Defendant while in the motel room.

Contrary to the Defendant's contention, the Court  finds it improbable that had trial counsel presented Priscilla Kyall's testimony to the jury, the jury would have found the Defendant not guilty of selling cocaine.  Not only did Priscilla Kyall's testimony fail to implicate a person other than the Defendant in the sale of cocaine to Ms. Hogg on August 5, 2005, but her

14

testimony actually lent support to the allegation that it was the Defendant who conducted the sale.  First, Ms. Kyall's testimony places the Defendant in the motel room at the time of the transaction.   Second, her testimony indicates that a short meeting took place between Ms. Hogg and the Defendant where there was ample opportunity to complete a drug sale. Consequently, even if trial counsel had called Priscilla Kyall to testify, evidence presented at the hearing fails to provide any reasonable basis for believing the jury's verdict would have been different regarding count one of the Information.  As a result, the Defendant has failed to demonstrate that he was prejudiced by the trial counsel's failure to interview and call Priscilla and Sabrina Kyall as witnesses.   Therefore, ground one of the Defendant's Motion will be denied.  The Court "need not make a specific ruling on the performance component of the test when it is clear that the prejudice component is not satisfied." Kennedy v. State, 547 So.2d 912, 914 (Fla. 1989) (citing  Maxwell v. Wainwright, 490 So.2d 927, 932 (Fla.), cert. denied, 479 U.S. 972 (1986)).

. . . .

In ground three of his Amended Postconviction Motion and Reply, the Defendant alleges his trial counsel was ineffective for failing to seek a severance of the two counts upon which the Defendant was tried.  In his Motion for Postconviction Relief, the Defendant argues that severance was necessary because evidence introduced on one count bolstered the State's allegation of the Defendant's guilt on the other count.  Because the two counts were not severed, the Defendant contends, the charge that he introduced contraband into a penal institution led the jury to presume that the charge of selling cocaine was true. At the evidentiary hearing, the Defendant recounted that the jury rendered its verdict on both counts prior to the Court issuing its Judgment of Acquittal on the count of introducing contraband. Consequently, the jury was never made aware of the Judgment of Acquittal.  The trial counsel's decision not to seek a severance of the two counts of the Information, the Defendant alleges, was improper.

At the evidentiary hearing, the trial counsel testified that she researched the possibility of filing a motion to sever the two counts, but her research indicated such a motion would be

15

unsuccessful.  The trial counsel testified that the two incidents were part of a continuous set of events that occurred all in one night and were related to the sale and possession of cocaine. This led her to conclude that severance would not be possible.

Rule 3.150(a), Florida Rules of Criminal Procedure, states:

> Two or more offenses that are triable in the same court may be charged in the same indictment or information in a separate count for each offense, when the offenses, whether felonies or misdemeanors, or both, are based on the same act or transaction or on 2 or more connected acts or transactions.

Fla. R. Crim. P. 3.150(a).  A related rule "allows a motion for severance, even if the offenses were not improperly joined, if appropriate to promote a fair determination of guilt or innocence." Johnson v. State, 14 So.3d 1282, 1283 (Fla. 2nd DCA 2009) (referencing Fla. R. Crim. P. 3.152(a)).   Rule 3.152(a), Florida Rules of Criminal Procedure, states:

(1)  In case 2 or more offenses are improperly charged in a single indictment or information, the defendant shall have a right to a severance of the charges on timely motion.

(2) in case 2 or more charges of related offenses are joined in a single indictment or information, the trial court nevertheless shall grant a severance of charges on motion of the state or a defendant:

(A) before trial on a showing that the severance is appropriate to promote a fair determination of the defendant's guilt or innocence of each offense; or

(B) during trial, only with defendant's consent, on a showing that the severance is necessary to achieve a fair determination of the defendant's guilt or innocence of each offense.

Fla. R. Crim. P. 3.152(a).

16

Case law holds that to join cases, they either "must be connected in time, in location, by their nature, and by the manner in which they were perpetrated or there must be a significant causal link between the cases." West v. State, 849 So.2d 377, 378 (Fla. 1st DCA 2003); accord Smithers v. State, 826 So.2d 916, 923 (Fla. 2002); Hutchinson v. State, 731 So.2d 812, 815 (Fla. 5th DCA 1999). Joinder requires more than a mere general temporal and geographic proximity, although such a fact may help prove a link between the crimes. Hutchinson, 731 So.2d at 815 (citing Ellis v. State, 622 So.2d 991, 999 (Fla. 1993)); accord Smithers, 826 So.2d at 923. For example, the joining of cases may be appropriate in situations where there exists a general temporal and geographic proximity between two alleged offenses, where one of the offenses helps explain the other offense, and where evidence of one of the offenses would have been admissible in a trial on the other offense. Cousin v. State, 859 So.2d 577, 578-79 (Fla. 5th DCA 2003). Joinder is not warranted, however, when the joinder is "based on similar but separate episodes, separated in time, which are connected only by similar circumstances and the accused's alleged guilt in both or all instances." Smithers, 826 So.2d at 923; accord Hutchinson, 731 So.2d at 815. "The danger of improper [joinder] lies in the fact that evidence relating to one crime may have the effect of bolstering the proof of the other." Sule v. State, 968 So.2d 99, 104 (Fla. 4th DCA 2007) (citing Crossley v. State, 596 So.2d 447, 450 (Fla. 1992)); Granville v. State, 625 So.2d 1258, 1260 (Fla. 1st DCA 1993). "Thus, for joinder to be appropriate the crimes in question must be linked in some significant way." Smithers, 826 So.2d at 923.

The Court finds the Defendant was not prejudiced by the trial counsel's failure to seek severance of the two counts in the Information. First, both offenses occurred on the same night, in the same general vicinity. The link between the times and locations of the two alleged offenses is particularly strong given that the Defendant was taken into police custody shortly after the first alleged offense and then transported a relatively short distance away to the St. Johns County Jail where, while still in police custody, the second alleged offense took place. Second, both alleged offenses involved the Defendant possessing crack cocaine - either possessing it to sell in the motel room or possessing it as contraband in the Jail during booking.

Therefore, the two counts of the Information were linked in a significant way.  Thus, the counts were properly joined for trial.

As a result, the two counts of the Information would likely not have been severed even had trial counsel filed such a motion.  Therefore, trial counsel's failure to file a motion to sever is not found to have prejudiced the Defendant.  See Kimmelman v. Morrison, 477 U.S. 365, 384 (1986) (finding that "failure to file a suppression motion does not constitute per se ineffective assistance of counsel"); Gettel v. State, 449 So.2d 413, 414 (Fla. 2d DCA 1984) (finding that counsel's failure to file a motion to suppress was not ineffective assistance of counsel because, even if filed, the motion would not have been granted, consequently defendant was not prejudiced).  Ground three of the Defendant's Motion will be denied.  The Court "need not make a specific ruling on the performance component of the test when it is clear that the prejudice component is not satisfied." Kennedy, 547 So. 2d at 914 (citing Maxwell, 490 So. 2d at 932).

In ground five of his Motion for Postconviction Relief, the Defendant alleges his trial counsel was ineffective for failing to investigate potentially exculpatory information through the use of a voice exemplar.  Specifically, the Defendant claims it could not be his voice on the recording made during Ms. Hogg's cocaine purchase of August 5, 2006, because he was not in the room at the time of the purchase.  In his Motion, the Defendant asserts that Sabrina Kyall and Priscilla Kyall will testify to this. Also in his Motion, the Defendant states that upon discovering the existence of the recording, he told his trial counsel that it was not his voice on the recording, yet his trial counsel did not investigate the recording or obtain a voice exemplar for comparison.  Had the voice on the recording been compared to an exemplar of his voice, the Defendant contends, it is likely the outcome of the trial would have been different.   At the evidentiary hearing, the Defendant stated that during trial he told his counsel he would like to say something so the jury could hear his voice and know it was not the same as the voice on the recording.  The jury, however, never heard him speak at trial.  At the evidentiary hearing, the Defendant noted that the jury had the recording with them during deliberation, but it did not have an exemplar of the Defendant's voice with which to compare the voice on the recording.

18

At the evidentiary hearing, the trial counsel testified she never considered having a voice analysis performed on the recording. She stated it did not cross her mind. The trial counsel also stated that if the recording had been analyzed, and it turned out that it was the Defendant's voice, then the trial counsel would have provided the State with additional evidence with which to prosecute the Defendant. Trial counsel testified that she did not recall the Defendant telling her that he was out of the room with another individual during the time Ms. Hogg purchased the cocaine. Trial counsel also testified that because the Defendant was in desperate need of some form of defense heading in to trial, had the Defendant provided trial counsel with such an alibi she certainly would have used it.

The Court finds the Defendant was not prejudiced by trial counsel's failure to compare the voice on the recording with an exemplar of the Defendant's voice. The Defendant claims it is not his voice on the recording, because he was not in his motel room when Ms. Hogg made her cocaine purchase. Yet at the evidentiary hearing, Priscilla Kyall testified the Defendant was in his motel room at that time. In addition, at trial, Detective Cole testified that the Defendant had a number of street names and that one of these names was "T." (App. A 44-45.) In the recording played at trial, Ms. Hogg can he heard to say: "T, can I come in here? I need a hundred. Get it ready for me." (Trial Tr. vol. I, 116-17, March 22, 2006, attached hereto as App. B.) Contrary to the Defendant's contention that he was not in his motel room when Ms. Hogg made her purchase of crack cocaine, record evidence and testimony from the evidentiary hearing both support the allegation that the Defendant was in his motel room. In addition, the Defendant has presented no evidence to show that it was not his voice on the recording. Therefore, the Court finds it unlikely that the existence of a voice exemplar would have changed the outcome of the case. Consequently, ground five of the Defendant's Motion will be denied. The Court "need not make a specific ruling on the performance component of the test when it is clear that the prejudice component is not satisfied." Kennedy, 547 So.2d at 914 (citing Maxwell, 490 So. 2d at 932).

Ex. 6 at 225-33 (footnotes omitted).

Petitioner appealed the denial of the 3.850 motion, and the Fifth District Court of Appeal summarily affirmed the circuit court's order.  Ex. 8 at 65.  Thus, there are qualifying decisions under AEDPA from the state circuit and appellate courts.  Upon thorough review of the record and the applicable law, this Court concludes that the state courts' adjudications of these claims were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Accordingly, Petitioner is not entitled to relief on these ineffectiveness claims.

## F. Ground Eight

Petitioner asserts that the post-conviction court erred under state law in denying Petitioner's request to amend his claim regarding the failure to call key defense witnesses.  Petitioner also contends that the court erred in denying post-conviction counsel's request to present the testimony of two additional potential defense witnesses at the evidentiary hearing on the 3.850 motion.  Petitioner contends that these errors deprived him of due process of law.  Amended Petition at 11(a).

The Eleventh Circuit has repeatedly held that alleged defects in a collateral proceeding do not state a basis for federal habeas relief.

> Federal habeas relief is available to remedy defects in a defendant's conviction and sentence, but "an alleged defect in a collateral proceeding does not state a basis for habeas relief." Quince v. Crosby, 360 F.3d 1259, 1262 (11th Cir. 2004); see also Carroll v. Sec'y, DOC, 574 F.3d 1354, 1365 (11th Cir. 2009) (collecting cases), cert. denied, --- U.S. ----, 130 S.Ct. 500, 175 L.Ed.2d 355 (2009).  There is a valid reason behind this principle: "[A] challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment - *i.e.*, the

> conviction itself - and thus habeas relief is not an appropriate remedy." <u>Carroll</u>, 574 F.3d at 1365.   Furthermore, such challenges often involve issues of state law, and "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." <u>McCullough v. Singletary</u>, 967 F.2d 530, 535 (11th Cir. 1992).

<u>Alston v. Dep't of Corr., Fla.</u>, 610 F.3d 1318, 1325-26 (11th Cir. 2010).   Accordingly, Petitioner is not entitled to federal habeas relief on this ground.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.     The Amended Petition (Doc. #13) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.     The **Clerk of the Court** shall enter judgment accordingly.

3.     If Petitioner appeals this Order, the Court denies a certificate of appealability.[13]

Because this Court has determined that a certificate of appealability is not warranted, the **Clerk of the Court** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.   Such termination shall serve as a denial of the motion.

---

[13] This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).   Here, after consideration of the record as a whole, a certificate of appealability is not warranted.

4.      The **Clerk of the Court** shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida this 5th day of March, 2015.

_____
TIMOTHY J. CORRIGAN
United States District Judge

ps 2/11
c:
Ronald Eugene Sapp
Counsel of Record